UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID JAH,<br><br>    Defendant. | No. CR 19-00026 WHA<br><br>**ORDER RE MOTION FOR COMPASSIONATE RELEASE AND MOTIONS FOR RELIEF FROM JUDGMENT** |

For the reasons that follow, defendant David Jah's *pro se* motions for compassionate release and relief from judgment are **DENIED**.

Mr. Jah has moved for relief based on Federal Rules of Civil Procedure 60(b) and 59(e) (Dkt. Nos. 650, 652). It identifies no mistake or newly-discovered evidence. Therefore, this order does not reach any of the merits arguments challenging his conviction. *See Dubin v. Real*, 191 Fed. App'x. 528, 530 (9th Cir. 2006).

As to his motion for compassionate release, Mr. Jah claims that he has exhausted administrative remedies with the Bureau of Prisons (BOP), but the record is thin on this point (Dkt. No. 684). Regardless, this order would deny the motion either as meritless or for lack of exhaustion. *See* 18 U.S.C. § 3582(c)(1)(A). The government has filed an opposition. Mr. Jah's request for appointment of counsel for this motion is **DENIED**. His motion is cogent, just unconvincing. Mr. Jah's motion is appropriate for disposition on the papers. *See* Crim. L.R. 2-1; Civ. L.R. 7-(b).

Under 18 U.S.C. § 3582(c)(1)(A)(i), a district court may modify a term of imprisonment:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of [the BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

In determining whether to modify a term of imprisonment, a district court must consider the factors in Section 3553(a) and find that "extraordinary and compelling reasons warrant such a reduction," "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In 2021, Mr. Jah was sentenced to 216 months in the BOP after a jury trial. He was found guilty of conspiracy to commit arson, for a plot in which he hired others to throw Molotov cocktails into the homes of Mr. Jah's targets. Mr. Jah's release date is March 10, 2034. *See* Find an Inmate, Bureau of Prisons, https://www.bop.gov/inmateloc/ (accessed Dec. 14, 2021).

Mr. Jah requests a reduction to a five-year sentence. None of Mr. Jah's claimed "reasons" for relief qualify as "extraordinary and compelling," though the district court may decide for itself what that means. *See United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021).

*First*, Mr. Jah treads familiar ground disputing the legality of his conviction and his sentence. These fall outside the ken of this motion.

*Second*, the Court is sympathetic to Mr. Jah's son's need for a caregiver, but given the seriousness and recency of this conviction, it cannot justify relief.

*Third*, Mr. Jah's mild obesity may put him at some elevated medical vulnerability to the COVID-19 virus, but not to the "extraordinary" degree necessary under the compassionate release standard.

Additionally, the Section 3553(a) factors require weighing rehabilitation. Assuming that he completed counseling while pretrial detention, neither that nor anything during the few months post-conviction appear to show progress in this respect. In all, Mr. Jah has just barely

been sentenced. He does not demonstrate an extraordinary or compelling reason justifying release.

The motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 17, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE